IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL TEMOSHENKA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JO ANNE B. BARNHART, )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | 02: 05cv0089 |

**MEMORANDUM OPINION AND ORDER OF COURT**

March 20, 2006

**I.    Introduction**

Plaintiff, Paul Temoshenka, brought this action pursuant to 42 U.S.C. § 405(g), for judicial review of the final determination of the Commissioner of Social Security ("Commissioner") which denied his application for disability insurance benefits ("DIB") under title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-433.

**II.   Background**

**A.    Facts**

Mr. Temoshenka was born on September 1, 1953, and has a high school education. (R. at 106.) He has worked as a pipe fitter, mechanic repairer, mechanic laborer, loom repairman, wire drawer operator, and general labor operator. (R. at 110, 111.) Mr. Temoshenka testified that he has not worked since October 20, 1997, the date upon which he suffered a work-related back injury. (R. at 107.)

Mr. Temoshenka filed the instant claim on October 4, 2002, in which he alleges disability beginning October 20, 1997,[1] due to chronic back pain which he claims limits his tolerance for prolonged standing and sitting. (R. at 107, 120, 121, 403.)

**B.     Procedural History**

Mr. Temoshenka previously filed an application for DIB, alleging chronic back pain, on January 9, 2001, which was denied initially and upon reconsideration. (R. at 51, 52.)  The Decision of the Administrative Law Judge ("ALJ") became the final decision of the Commissioner on January 1, 2002, when the Appeals Council denied Plaintiff's request to review the ALJ's decision. (R. at 314-17.)

Approximately ten months later, on October 4, 2002, Mr. Temoshenka filed the instant DIB claim, in which he again alleges disability due to chronic back pain.  The claim was denied at the initial level of review on December 30, 2002. (R. at 318-321.)  An administrative hearing was held on May 26, 2004 before ALJ Alma DeLeon. (R. at 104.)  Mr. Temoshenka was represented by counsel and testified at the hearing.  Also testifying at the hearing was William Reed, Ph.D., an impartial vocational expert ("VE").  At the hearing, Mr. Temoshenka amended his alleged onset date of disability to November 25, 2001, which is the day after his first DIB claim was rejected by the ALJ.  (R. at 16.)

On June 16, 2004, the ALJ rendered a decision that was unfavorable to Mr. Temoshenka.  The ALJ found that Mr. Temoshenka had earned sufficient quarters of coverage to remain insured only through December 31, 2002, and therefore he had to establish that he

---

[1]     Initially, Plaintiff alleged an onset date of disability of October 20, 1997; however, at the administrative hearing he amended his onset date of disability to November 25, 2001.

had become disabled between the alleged onset date of November 25, 2001, and December 31, 2002, when his insured status expired. (R. at 16.) The ALJ determined that Mr. Temoshenka retained the ability to perform a wide range of light work and, therefore, was not "disabled" within the meaning of the Social Security Act ("the Act"). (R. at 24.) The ALJ's decision became final on November 30, 2004, when the Appeals Council denied Mr. Temoshenka's request for review. (R. at 9-11.)

On January 26, 2005, Mr. Temoshenka filed his Complaint in this Court, in which he seeks judicial review of the ALJ's decision. The parties have filed cross-motions for summary judgment. Mr. Temoshenka argues that the decision of the ALJ did not properly consider the medical opinion of his treating physician and requests that the Court enter summary judgment in his favor and award him DIB. The Commissioner contends that the decision of the ALJ should be affirmed as it is supported by substantial evidence.

After a careful review of the entire record, the Court finds that the ALJ failed to consider relevant, probative evidence and, therefore, will remand the matter to the Commissioner for reconsideration, rehearing, and/or further proceedings consistent with this Memorandum Opinion. 42 U.S.C. § 405(g); *Benton v. Bowen*, 820 F.2d 85, 89 (3d Cir. 1987).

**III.     Legal Analysis**

    **A.     Standard of Review**

The Act limits this Court's review of the Commissioner's final decision. 42 U.S.C. § 405(g). If substantial evidence supports the Commissioner's decision, it must be affirmed by this Court. *Id.*; *Schaudeck v. Comm'n of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is evidence that a reasonable person might accept as sufficient to support a

conclusion. *Richardson v. Perales*, 402 U.S. 389 (1971); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). It is more than a scintilla of evidence, but less than a preponderance. *Stunkard v. Secretary of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988).

Even if the Commissioner's factual findings are supported by substantial evidence, this Court may review whether the administrative determination was made upon correct legal standards. *Friedberg v. Schweiker*, 721 F.2d 445, 447 (3d Cir. 1983) (quoting *Curtin v. Harris,* 508 F. Supp. 791, 793 (D.N.J.1981)). If the Commissioner fails to apply the correct legal standards to the facts presented, it is an error of law which a reviewing court cannot affirm. *See, e.g., Burnam v. Schweiker*, 682 F.2d 456 (3d Cir. 1982) (remanding where Secretary misapplied regulations); *Fowler v. Califano*, 596 F.2d 600, 602 (3d Cir. 1979) (decision of ALJ "fails to observe the appropriate legal standard"); *Farley v. Celebrezze*, 315 F.2d 704, 706 (3d Cir. 1963) (ALJ's decision must have "reasonable basis in law"); *Terwilliger v. Chater*, 945 F. Supp. 836, 844 (E.D. Pa. 1996) (remanding where Commissioner's decision did not demonstrate that it applied correct legal standard or considered all the evidence, making it impossible for court to determine whether substantial evidence supported that decision). *See also Axe v. Dept. of HHS*, 564 F. Supp. 789, 791 (E.D. Pa. 1983) (recognizing district court's duty to reverse for errors of law); *Curtin*, 508 F. Supp. at 793 (same).

To qualify for DIB under the Act, a claimant must demonstrate that there is some medically determinable basis for an impairment that prevents him from engaging in any substantial gainful activity for a statutory twelve-month period. 42 U.S.C. § 423(d)(1).

> A claimant may make such a showing in one of two ways: first, by introducing medical evidence that he is disabled *per se* because he suffers from one or more of a number of serious impairments delineated in 20 C.F.R. Regulations No. 4, Subpt. P, Appendix 1;

or, second, if a claimant suffers from a less severe impairment, by demonstrating that he is nevertheless unable to engage in "any other kind of substantial gainful work which exists in the national economy…."

*Stunkard,* 841 F.2d at 59 (internal citations omitted). *See* 42 U.S.C. § 423(d)(2)(A) (establishes the second method of proving disability).

In order to prove disability under the second method, a claimant must first demonstrate the existence of a medically determinable disability that precludes him from returning to his former job. *Stunkard*, 841 F.2d at 59. Once it is shown that a claimant is unable to resume his previous employment, the burden shifts to the Commissioner to prove that, given claimant's mental or physical limitations, age, education and work experience, he is able to perform substantial gainful activity in jobs available in the national economy. *Id.*

When resolving the issue of whether an adult claimant is or is not disabled, the Commissioner utilizes a five step sequential evaluation. 20 C.F.R. § 404.1520. This process requires the Commissioner to consider, sequentially, whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his past relevant work, and if not, (5) whether he can perform other work. *Id.*; *Burnett v. Commissioner of Social Security*, 220 F.3d 112, 118-119 (3d Cir. 2000). If a claimant is not found to be disabled *per se* under the standard of step three, the analysis proceeds to steps four and five. *See* 20 C.F.R. § 404.1520(e); *Petition of Sullivan*, 904 F.2d 826, 839 (3d Cir. 1990) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 525 (1990)).

In this case, the ALJ determined that Mr. Temoshenka was not disabled within the meaning of the Act at the fifth step of the analysis. The ALJ based this conclusion on her

finding that there are a significant number of jobs in the national economy that Mr. Temoshenka could perform in a restricted light exertional level. (R. at 23-24.)

### B.     Discussion

*The ALJ did not properly evaluate the medical evidence of record and medical opinion of Mr. Temoshenka's treating physician*

Mr. Temoshenka argues that the ALJ did not properly consider the medical opinion of his treating physician, Arthur H. Palmer, M.D., a neurosurgeon. "A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (internal citations omitted). Treating physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations. . . ." 20 C.F.R. §404.1527(d)(2).

> When a disability determination is unfavorable to a claimant, the decision
>
> *must contain specific reasons* for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

Social Security Ruling 96-2p (1996) (explaining 20 C.F.R. § 416.1527(d)(2)) (emphasis added).

An ALJ may give a doctor's opinion less weight when it is inconsistent with or unsupported by the record, however, "where a report of a treating physician conflicts with that

6

of a consulting physician, the ALJ must explain on the record the reasons for rejecting the opinion of the treating physician." *Allen v. Bowen*, 881 F.2d 37, 41 (3d Cir. 1989) (reversal where ALJ did not explain its reason for ignoring treating physician's physical limitation on claimant); *Brewster v. Heckler*, 786 F.2d 581, 585 (3d. Cir 1986) (reversal where ALJ rejected treating physician's medical opinion and adopted consulting physician's "suspect" opinion without explanation).

The record indicates that Dr. Palmer routinely treated Mr. Temoshenka for his back pain from October 1997 until at least February 2001. (R. at 172, 277.) His treatment notes, dated March 8, 2000, reflect that

> [Mr. Temoshenka] continues to complain of the same pain as previously. i.e., severe backaches. These are augmented by standing, walking, riding in an automobile, etc. Even during today's office visit it was obvious that he was having discomfort as he constantly was changing his position. He has been to see Dr. Bookwalter who recommended sedentary work type activity. I'm not certain he could deal with this [sedentary work] although it would be worth a try *provided the gentleman every 2-3 hours would be allowed to lie down and rest for at least a half hour.*

(R. at 227) (emphasis added).

In his October 2, 2001 deposition, Dr. Palmer explained that Mr. Temoshenka has "a severe L2 burst fracture, and it is entirely consistent with acute pain at the time of the injury and the chronic pain that he describes ever since." (R. at 283.) Dr. Palmer also testified that:

> [I]t is not uncommon that patients with [Mr. Temoshenka's] symptoms, when they weight bear or they bring to bear a load on the injured area, that seems to worsen their symptoms [of pain]. So sitting would and standing would. And when they lie down, it's dissipated, so they are more comfortable.[Given an eight hour work day, or a part time job with a four to six hour shift,] I believe he would require the opportunity to lie down.

(R. at 275.)

Consistent with Dr. Palmer's treatment notes and deposition testimony, Mr. Temoshenka testified during the administrative hearing that he had to lie down repeatedly during the day.

The ALJ, however, found that "[t]he objective evidence does not support the need for extended rest periods, *and I find no such limitation in the claimant's treatment notes.*"  (R. at 21) (emphasis added).  However, as discussed *supra,* Dr. Palmer's March 8, 2000 treatment note clearly reflects such a limitation, a limitation which Dr. Palmer further explained in his deposition testimony.  In addition, the Decision of the ALJ reflects that she considered the findings in progress notes *during the relevant period* including records from Doctor[] . . . Palmer. . . ."

As explained *supra,* it is well-settled that a treating physician's opinion deserves great weight because such opinion

> reflect[s] expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.  An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight  depending upon the extent to which support explanations are provided.

*Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999).  While the ALJ acknowledged that she had reviewed the medical records of Dr. Palmer, the Decision is devoid of any specific reference to any contradictory medical evidence which would support the ALJ's rejection of Dr. Palmer's opinion that Mr. Temoshenka requires extended periods of rest throughout the work day.

Moreover, the ALJ relied upon the Vocational Expert's ("VE") testimony concerning Mr. Temoshenka's residual functional capacity which failed to take into account Dr. Palmer's

8

opinion that Mr. Temoshenka required extended periods of rest. However, when asked if "an individual who would have to be in a reclined . . . position . . . for at least three to four hours during the day" would be able to engage in substantial gainful employment, the VE replied "No." (R. at 134.) *See Podedworny v. Harris,* 745 F.2d 210, 218 (3d Cir. 1984) (instructing that it is error to rely on a vocational expert's testimony if the hypothetical does not accurately portray the individual's physical and mental impairments).

Given the failure of the ALJ to review and/or discuss the medical opinion of Dr. Palmer, this Court cannot find based on the record before it that the ALJ's decision sets forth "specific reasons for the weight given to the treating source's medical opinion." Social Security Ruling 96-2p. Accordingly, the Court will remand the matter to the Commissioner in order to develop the record with regard to the effect of Dr. Palmer's opinion on Mr. Temoshenka's residual functional capacity.

**IV.  Conclusion**

When reviewing a decision of the Commissioner to deny DIB, it is not this Court's function to substitute its judgment for that of the Commissioner. The Commissioner's decision in the present case may otherwise be correct and nothing in this Memorandum Opinion should be taken to suggest that the Court has presently concluded otherwise. However, in the absence of sufficient indication that the ALJ considered *all* the medical evidence of record, including Dr. Palmer's medical opinion, the Court cannot satisfy its obligation to determine whether or not the Commissioner's decision is supported by substantial evidence. Accordingly, this case will be remanded to the Commissioner for further consideration and/or proceedings consistent with this Memorandum Opinion.

An appropriate order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL TEMOSHENKA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02: 05cv0089 |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER OF COURT

**AND NOW**, this 20th day of March, 2006, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED, AND DECREED** that:

1. The Motion for Summary Judgment filed by Plaintiff, Paul Temoshenka, is **DENIED WITHOUT PREJUDICE**;

2. The Motion for Summary Judgment filed by Defendant, Jo Anne B. Barnhart, Commissioner of Social Security is **DENIED WITHOUT PREJUDICE**;

3. This case is **REMANDED** to the Commissioner for further consideration and/or proceedings consistent with the Memorandum Opinion of the Court; and

4. The Clerk will docket this case closed forthwith.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Scott W. Spadafore, Esq.
Email: scottdruns1@comcast.net

Lee J. Karl,
Assistant United States Attorney
Email: lee.karl@usdoj.gov